No. 14-0877 – *State of West Virginia ex rel. Natalie E. Tennant, West Virginia Secretary of State v. Ballot Commissioners of Mingo County, West Virginia; Jim Hatfield, as Clerk of the Mingo County Commission and Member of the Ballot Commissioners of Mingo County, West Virginia; Angie Browning, as Member of the Ballot Commissioners of Mingo County, West Virginia; and Ramona Browning, as Member of the Ballot Commissioners of Mingo County, West Virginia.*

**FILED**

September 17, 2014
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

Benjamin, Justice, concurring:

I agree with the well-reasoned opinion in this matter. I write separately to discuss a distinct but related issue: whether a county executive committee is able to fill a ballot vacancy for a judicial position. Because judicial positions may, and generally do, cover multi-county circuits, I submit that a county executive committee does not have the legal ability to fill a ballot vacancy for a judicial election under the current West Virginia Code.

At present there are twenty-seven family court circuits and thirty-one circuit court circuits throughout the State. Most such circuits are multiple-county circuits. Judgeships are not county positions; they are circuit positions. This is significant when reading W. Va. Code § 3-5-19 (2007), which states that in cases of ballot vacancies after a primary election, the position may be filled by the "executive committee of the political party *for the political division in which the vacancy occurs*." (Emphasis supplied). Here, the county executive committee sought to fill a circuit, not a

1

county, position. In doing so, it sought to do something to which it has no legal authority.

This Court addressed a similar issue in S*tate ex rel. Butcher v. Manchin*, 171 W. Va. 24, 297 S.E.2d 430 (1982), wherein this Court considered the proposed filling of a ballot vacancy in the then Twenty-Sixth Delegate District, a multi-county district, for the West Virginia House of Delegates. At that time the Twenty-Sixth Delegate District was comprised of Nicholas and Webster Counties. No Republican candidate had filed for election, and the petitioner in *Butcher* contacted the Republican executive committees for both counties seeking to be nominated. The chairmen of both committees agreed to this nomination, and forwarded Mr. Butcher's name to the secretary of state.[1] Ultimately, relying upon an Attorney General opinion, the secretary of state denied Mr. Butcher's nomination because it did not come from the Republican "Delegate District Committee." Upon review, this Court denied Mr. Butcher's petition seeking mandamus, confirming that the authority of county executive committees is limited to county positions. *See also State ex rel. Baker v. Bailey*, 152 W. Va. 400, 163 S.E.2d 873 (1968).

The nominating body herein was without proper legal authority to do what it attempted to do. For this reason I concur in the opinion of this Court.

---

[1] Though the political parties of this state may feel this process is burdensome, West Virginia election law is specific on this point. Perhaps it is time to make the statutory process simpler.